IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES EARL WILLIAMS, <br><br> Defendant. | CR 15-110-BLG-SPW-TJC <br><br> **FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. (Doc. 37.) Judge Watters referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 43) (citing 28 U.S.C. § 636(b)(1)(B) and Fed. R. Crim. P. 59(a)).

On August 31, 2017, the Court conducted the final revocation hearing. Defendant admitted all violations except Violation No. 9. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to six (6) months imprisonment followed by sixty (60) months of supervised release.

**I.** **Background**

In 2016, Defendant pled guilty to two counts of the offense of failure to register as a sex offender. (*See* Docs. 1, 25.) On July 20, 2016, the Court sentenced him to twenty-four (24) months imprisonment, to be followed by ten

1

(10) years supervised release. (Doc. 33.) Defendant began serving his term of supervised release on May 25, 2017. (Doc. 36.)

On August 7, 2016, the United States Probation Office filed the petition now at issue. (Doc. 37.) The petition alleges that Defendant committed nine violations of his conditions of supervised release, providing a brief explanation of each violation. *Id.* Based on the petition, Judge Watters issued a warrant for Defendant's arrest. (Doc. 38.)

On August 7, 2017, Defendant was arrested. (Doc. 40.) On August 9, 2017, Defendant made an initial appearance. (Doc. 41.) Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing. *Id.* The Court remanded Defendant to the custody of the United States Marshal Service pending the final revocation hearing. (Doc. 41.) The Court initially set the final revocation hearing for August 29, 2017, but it was later continued until August 31, 2017. (Docs. 42, 43.)

## II. Final Revocation Hearing

Defendant appeared at the revocation hearing represented by David A. Merchant, II, Federal Defenders of Montana. Assistant United States Attorney Bryan T. Dake represented the United States. The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to appear before Judge Watters and the necessity of properly objecting to the

Findings and Recommendations in order to preserve that right. After consenting to proceed, Defendant admitted all of the violations as alleged in the petition except for Violation No. 9.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is IV, and the underlying offenses are class C felonies. Under those circumstances, the statutory maximum sentence is two (2) years incarceration, and the advisory United States Sentencing Guidelines provide for six (6) – twelve (12) months incarceration. Defendant could also be sentenced to as much as 10 years supervised release.

Mr. Dake requested a sentence of nine (9) months incarceration, and did not address the United States' request, if any, regarding supervised release.

Mr. Merchant requested that Defendant be placed back on supervised release; but if any custodial sentence was imposed, he requested a maximum sentence of three (3) months incarceration, followed by an unspecified term of supervised release.

Defendant stated that he recognizes that he violated the conditions of his supervised release, and he requested another chance to prove that he can comply. He stated additionally that he believes the sentence term requested by the United States is overly harsh for his first revocation.

## III. Analysis

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to six (6) months imprisonment followed by sixty (60) months supervised release. No circumstances warrant a departure from the guideline range.

A sentence at the low end of the guideline range is sufficient, but not greater than necessary, to comply with the purposes set for the in 18 U.S.C. § 3553(a)(2). All of Defendant's violations are Grade C violations, and did not constitute the commission of new criminal offenses. Nevertheless, Defendant violated multiple conditions of his supervised release in a very short time, and within a short time of his release from imprisonment, suggesting that he did not appreciate the necessity of compliance with each and every condition. Strict compliance with the terms of Defendant's supervised released is essential for the safety of the community.

Accordingly, a sentence of imprisonment at the low end of the guideline range is necessary to impress upon the Defendant the necessity to comply with the conditions of his supervised release, while reflecting the fact that none of his violations constitute new crimes. An additional period of supervised release following Defendant's imprisonment is necessary to ensure the protection of the public upon Defendant's release.

## IV. <u>Conclusion</u>

Defendant was advised that the above sentence would be recommended to Judge Watters, and reminded that he has the right to appear and allocute before Judge Watters. The undersigned instructed Defendant that he may object to these Findings and Recommendations within fourteen (14) days of their issuance, and must do so if he wishes to preserve his right to allocute before Judge Watters.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated Standard Condition No. 3, requiring that he answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer, when he failed to inform the officer that he had a cell phone despite repeated inquiries on that subject (Violation No. 5), and when he failed to notify the officer of his change in residence (Violation No. 8).

2. Defendant violated Standard Condition No. 6, requiring that he notify the probation officer at least ten (10) days prior to any change in residence, when he moved out of the Bourbon Street Motel without notifying the officer (Violation No. 4).

3. Defendant violated Special Condition No. 2, requiring that he abstain from the consumption of alcohol, when a urinalysis test showed positive results for

alcohol and Defendant thereafter admitted to consuming a mixed drink (Violation No. 1).

4. Defendant violated Special Condition No. 3, requiring that he enter and successfully complete a sex offender treatment program, when he failed to report to sex offender treatment on July 10, 2017 (Violation No. 3).

5. Defendant violated Special Condition No. 5, requiring that he participate in substance abuse testing, when he failed to provide a random urinalysis sample on June 23, 2017 (Violation No. 2).

6. Defendant violated Special Condition No. 8, preventing him from going to any park or playground, when he visited Central Park in Billings, Montana on August 2, 2017 (Violation No. 7).

7. Defendant violated Special Condition No. 13, preventing him from possessing any device with access to any on-line computer service, when he possessed a smart phone capable of accessing the internet (Violation No. 6).

Accordingly, **IT IS RECOMMENDED** that:

1. The Court revoke Defendant's supervised release and sentence Defendant to six (6) months imprisonment, followed by a sixty (60)-month term of supervised release.

2. That Defendant's term of supervised release be subject to the same conditions previously imposed upon him, with the exception that the Court add the

additional condition that Defendant not be permitted to possess a camera phone or other electronic device that could be used for covert photography without the prior written approval of the United States Probation Office. (*See* Doc. 33.)

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Watters will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Watters may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a *de novo* determination by Judge Watters, and may waive the right to appear and allocute before Judge Watters.

DATED this 1st day of September, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge